# In the MATTER OF NEIL HALPRIN.

No. 88-535.
June 28, 1990.
798 P.2d 80.

## OPINION AND ORDER

On November 1, 1988, the Commission on Practice of the State of Montana caused to be filed in this Court a complaint against Neil Halprin, an attorney authorized to practice law in this State. The complaint is in two counts, the first alleging acts of improper representation as an attorney for his client, Albert McGuigan of Thompson Falls, Montana, and the second count alleging that the Commission,

through its counsel had attempted to serve attorney Halprin with a complaint, beginning on March 23, 1987, and continuing over six successive attempts at service, but that Halprin did not respond to any of the attempted services upon him.

Neil B. Halprin was admitted to practice before this Court on December 9, 1982. He paid all fees to this Court and to the State Bar of Montana as required, through 1984. In March, 1985, Halprin left the city of Missoula and the state of Montana and took up residence thereafter in various places, including the states of Washington, Nevada and Colorado. He returned to the state of Montana in March of 1989, again locating in Missoula. In that interim, he did not make any payments for his license fees to this Court, nor membership dues to the State Bar of Montana so as to maintain his status as an active Montana attorney.

Upon his return to Montana, Neil B. Halprin paid to the State Bar of Montana the sum of $255, which included sums necessary to cover his membership dues to the date of his payment and fees for his Continuing Legal Education credits. Thereafter he presented himself at the Office of the Clerk of this Court and tendered a check in the sum of $60 for the payment of his annual license fees to that date. The Clerk of the Court informed Mr. Halprin that there was an unresolved matter concerning him pending before the Commission on Practice and that it would be necessary for him to have that matter determined before the Clerk of the Court would issue to him an annual attorney's license.

On the 20th day of March, 1989, Neil B. Halprin filed in this Court his petition to have his name restored to the roster of active Montana attorneys. On March 23, 1989, this Court entered its order that Mr. Halprin's petition for reinstatement to active practice would be considered following notification to the Court by the Commission on Practice that the matter pending before the Commission had been resolved.

Eventually a hearing was held before the Commission on Practice in Missoula, Montana on September 27, 1989, on the complaint of the Commission against attorney Halprin, and his response thereto. After the hearing before the Commission was concluded, but before the Commission entered its report and findings thereon, a second set of interrogatories was served upon attorney Halprin by John B. Whiston, of Missoula, the special counsel for the Commission on Practice, as to a matter that arose after the hearing, but concerning

a part of attorney Halprin's testimony before the Commission. The second set of interrogatories was responded to by attorney Halprin, through his attorney and counsel of record before the Commission. Following that, on February 20, 1990, the Commission on Practice filed herein its findings, conclusions and recommendations, to the effect that Neil B. Halprin be disbarred from the practice of law in the state of Montana, and that he be assessed and required to pay the costs of the proceedings against him.

In accordance with the Rules for Lawyer Disciplinary Enforcement, adopted by this Court in cause No. 10910 on August 24, 1983, respondent Halprin filed his objections and brief in opposition to the report and recommendation of the Commission on Practice, and special counsel for the Commission also filed his brief in support thereof. The matter now being ripe for decision, the Court being advised in the premises and good cause appearing, this Court now finds and determines as follows:

In January, 1984, Albert McGuigan retained the attorney services of Neil B. Halprin for the purposes of pursuing a claim against Sanders County, Montana, pertaining to the death of his son in 1980. In May of that year, Mr. Halprin agreed to handle McGuigan's case. There was no precise written or oral agreement for the fee, it appearing that the sum of $1,500 was to be paid by McGuigan as a retainer and any fruits of the litigation would be divided based on a contingency fee. In September 1984, McGuigan paid cash at Mr. Halprin's office the sum of $500. Attorney Halprin contended during the proceedings before the Commission on Practice that he had handled a number of other legal matters for McGuigan and that the $500 paid in September, 1984 would not compensate for the other matters, much less the wrongful death case. McGuigan contended before the Commission that the $500 related solely to the wrongful death action, a contention not specifically denied by attorney Halprin. The attorney produced no office records of the financial transactions with McGuigan, nor any office records that would show the legal work that he had done in connection with the wrongful death case. It appeared that Halprin eventually determined that the statute of limitations had run on the wrongful death case although he contended that there might have been a case under the "racketeering" federal statutes, a field in which attorney Halprin admits he is not an expert. At any rate, no accounting was made to McGuigan in writing or otherwise of the application and disposition of the $500 payment.

There is therefore in the record, and the Commission on Practice is supported in determining that clear and convincing evidence shows that attorney Halprin violated Rule 1.3 of the Rules of Professional Conduct in that he failed to act with reasonable diligence and promptness in representing his client, Albert McGuigan; that he violated Rule 1.4(a) of the Rules of Professional Conduct in that he failed to keep McGuigan reasonably informed about the status of the legal matters handled by him; that he violated Rule 1.15(a) in that he failed to keep records of account funds paid to him by his client; and that he violated Rule 1.16(d) by leaving his practice in Missoula to go to Washington without first protecting his client's interests, or giving reasonable notice to McGuigan of the termination of his representation.

The Commission on Practice also concluded to dismiss count two, relating to the failure to respond to the numerous communications sent to attorney Halprin by the Commission on the grounds that there was a lack of clear and convincing evidence that such communications were in fact received by attorney Halprin.

In its report however, the Commission on Practice set out a third point of conduct concerning the practice of law by Halprin in 1989, after Halprin had returned to the state of Montana. On August 18, 1989, Halprin entered his appearance as an attorney of record for the plaintiff, Maurice Richards, in a cause against Missouri Nebraska Express pending in the District Court in Missoula County. On September 7, 1989, he withdrew his appearance, in response to an objection by the defendant noting that the respondent was not currently licensed to practice law in Montana. During the course of the hearing before the Commission, attorney Halprin had testified that he had not practiced law since he had returned to Montana and when reminded by a member of the Commission of the Richards case he apologized.

After the conclusion of the September 27 hearing before the Commission, the Commission received a copy of certain proceedings in the State District Court, Missoula County, in a criminal action against Jeffrey Schrom, another attorney. It appeared that attorney Halprin had been entered as counsel representing Schrom in connection with a plea bargain on September 13, 1989. It was with respect to this item that the second set of interrogatories was forwarded to attorney Halprin. Facts developed thereby indicated that Schrom had been represented in the Missoula County District Court by attorney Wil-

liam Dee Morris, who also represented Halprin before the Commission. Mr. Morris had entered into a plea agreement with the County Attorney's Office respecting Jeffrey Schrom, but did not make an appearance before the District Court with Mr. Schrom on the day that the parties had agreed to. The District Court issued a bench warrant for Jeffrey Schrom, and on the next day, at the behest of Mr. Morris, attorney Halprin appeared before the District Judge in Missoula County to represent Schrom while the plea bargain was there effectuated. The transcript shows that the participation by Halprin was minimal, he merely at one point stating that the defendant had no objection to the setting of a sentencing date by the District Court. Nevertheless, it is true that on that date his name was entered as counsel for the defendant Schrom, that he did appear before the District Court as an attorney, and that subsequently, on September 27, 1989, he had testified to the Commission that he had not practiced law in any other particular than the Richard's case.

Without cavil, there is clear and convincing evidence that attorney Halprin was not honest and forthright in his testimony before the Commission with respect to his practice of law upon his return to Montana, and he was thereby in violation of Rule 8.4(c) of the Rules of Professional Conduct, and of Rule 7(b) of the Rules for Lawyer's Disciplinary Enforcement of the Supreme Court of the State of Montana.

Mr. Halprin argues in response to the foregoing, that his conduct with respect to Mr. McGuigan did not warrant disbarment or suspension nor censure. He points out that he helped McGuigan when no one else would, when McGuigan couldn't afford to have his case handled, and that he represented him in many other actions for which he was never paid. He asserts that the members of the Commission were hostile to his cause, accepting as credible the statements of Mr. McGuigan and rejecting the testimony of Mr. Halprin which contradicted McGuigan. He also points to the number of persons that he has represented in a sort of "pro bono" capacity, especially persons who were having tax related difficulties, most of the time successfully, and in a manner for which he was complimented by the employees of the Internal Revenue Service, and by courts before whom he appeared in such causes. He contends that he and his counsel, William Dee Morris, were unsure of his status as an attorney upon his return to Montana in light of the fact that he had never been disbarred and

because on March 14, 1989, he had paid to the State Bar of Montana all of the back fees required.

With respect to the Richard's litigation, which had been pending in the Missoula County District Court, he states that a member of the Commission itself represented the defendant and as counsel moved for his disqualification from handling the case because of our March 23, 1989 order. He states he withdrew immediately and left the case in the hands of Mr. Morris. He further states he apologized to the members of the Commission and he now apologizes to this Court.

In the Schrom case he contends he acted because of the emergency when a bench warrant had been issued for the appearance of Mr. Schrom brought about by the unforeseen absence of Mr. Morris at the time.

With respect to those two items of litigation, in which he appeared as counsel, he contends that he is "unsure" of his legal status. It is true in this case that before this time Mr. Halprin had never been disbarred, and that until he left this state in 1985, he had fully paid his license fees and State Bar dues and was duly qualified to practice law. Upon his return to Montana in March of 1989, he did make up his Bar membership dues and may have been informed by the State Bar officials that he was now restored to active status as a member of the State Bar. He is, however, required to be licensed annually through the Supreme Court in accordance with statutory law. Section 37-61-214, MCA, makes it a misdemeanor for an attorney to practice his profession in any court of record in this state until he shall have paid the license tax for the current fiscal year and procured a certificate from the Clerk of the Supreme Court certifying to the payment of the license tax and stating the period covered by the payment. As an attorney, Mr. Halprin cannot disclaim knowledge of the licensing provisions of the laws of the state of Montana. An attorney may not practice in courts of records of this state unless he or she holds a current license, certified to by the Clerk of the Supreme Court.

With respect to his present whereabouts, Mr. Halprin has informed us in his response that he has again left the state of Montana and he is presently employed as a salesman. It is otherwise clear in the record, however, that Mr. Halprin is an attorney in a severe financial plight.

Mr. Halprin cites a good many instances where he has helped poor people, and provided legal services to those who might otherwise have been unable to afford such. Whatever else may be said of him in this litigation, however, it is clear that with respect to the essential points heretofore set out and found by the Commission, clear and convincing evidence sustains the report of the Commission, and its recommendation that Mr. Halprin should be disbarred from the practice of the law in the state of Montana. The risk of losing his services to the poor and oppressed is overweighed by his unprofessional conduct in the matters before the Commission.

ACCORDINGLY, it is ordered and judged:

1. That Neil B. Halprin, the respondent herein, be and is hereby disbarred from the practice of law in the state of Montana, in any of its courts, such disbarment to be effective immediately.

In view of the contention of Neil B. Halprin that he has not otherwise engaged in the practice of law in the state of Montana since his return to the state we do not provide for notice to his clients and others of his disbarment nor for the appointment of counsel to protect the interests of his clients since he has been disbarred. As a safeguard, however, if attorney Neil B. Halprin has any prospective clients, or clients whom he has tentatively agreed to represent, he shall immediately deliver to such persons notice of his disbarment, and any papers or the property to which they may be entitled, all in accordance with Rule 21 of the Rules for Lawyer Disciplinary Enforcement; and in any event within 20 days of the effective date hereof file with this Court an affidavit under Rule 23 of said Rules showing that he has fully complied with the provisions of this order and with these Rules.

2. Because of the financial plight of the respondent Neil B. Halprin, a judgment for costs of investigation against him would be futile. Accordingly no assessment costs is made against respondent for the proceedings leading to his disbarment before the Commission on Practice.

3. The Clerk of this Court shall by letter, inform the State Bar of Montana, the Clerks of the District Court of the several District Courts in the State, the Clerk of the United States District Court for the District of Montana, and the Clerk of the United States Court of Appeals for the Ninth Circuit, of the order of disbarment of Neil B. Halprin, and the effective date thereof.

4. The Clerk of this Court shall forthwith serve by ordinary mail a copy of this opinion and order upon the respondent Neil B. Halprin

at his last known address in the record, and upon his attorney of record, William Dee Morris; and further upon the Commission on Practice, through its chairman and upon the special counsel of the Commission on Practice, John B. Whiston.

DATED this 28th day of June, 1990.

/s/ J.A. Turnage, Chief Justice
/s/ John Conway Harrison, Justice
/s/ John C. Sheehy, Justice
/s/ Diane G. Barz, Justice
/s/ William E. Hunt, Justice
/s/ R.C. McDonough, Justice
/s/ Fred J. Weber, Justice